IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN KEITH SPENCER                             :

    Plaintiff                                                  :

    v                                                             :         Civil Action No. WDQ-06-2982

OFFICER OSBOURNE, *et al.*                  :

    Defendants                                            :
                                                o0o

### MEMORANDUM

Pending in the above-captioned civil rights case is Defendants' Motion to Dismiss or for Summary Judgment.  Paper No. 14.  Plaintiff was advised of his right to file a response in opposition to the motion and of the consequences of failing to do so, but has filed nothing further.  Upon review of the papers filed, this Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004).   For the reasons that follow, Defendants' motion, construed as a Motion for Summary Judgment, will be granted.

Background

Plaintiff alleges that during his incarceration at Cecil County Detention Center, he was physically assaulted by correctional officers.  Paper No. 1 at p. 4.  Specifically he claims that Officer Shatley handcuffed him, threw him into an empty cell, maced him, and beat him on the calves with a scrub brush. *Id*.  He states he was denied medical care following the incident. *Id*. Plaintiff also claims that Shatley chained him to a bed, permitted other inmates to throw chemicals on him, and assaulted him "numerous times." *Id*. at p. 5.  Plaintiff alleges that Officers Osbourne and Bull took him to the shower, maced him, stunned him with an electric stun gun, and dislocated his jaw. *Id*.    In addition, he claims Captain Landing and "rest of officers" engaged in a cover-up of the incidents alleged. *Id*.   Finally, Plaintiff alleges that he did

not receive medical help.  *Id*.

Defendants claim entitlement to summary judgment on the ground that Plaintiff failed to exhaust available administrative remedies regarding his claims and, alternatively, on the ground that the allegations raised do not state a constitutional claim.  Paper No. 14.  Cecil County Detention Center, where Plaintiff was incarcerated at all times relevant to this case, has in place an administrative remedy procedure.  *Id*. at Ex. 1 and 2.   There is no record of a grievance filed by Plaintiff concerning any of the incidents alleged in the Complaint.

Defendants admit that force was used on Plaintiff when necessitated by his assaultive or uncooperative behavior.  *Id*. at pp.6– 9 and Ex. 1 at pp. 42– 79.  On December 11, 2005,[1] when Plaintiff claimed he was struck in the head repeatedly by another inmate, responding officers Bradwell, Porter and Goodley, summoned medical staff to the scene who examined Plaintiff. On January 13, 2006, Plaintiff was moved into another cell and threatened to "cut a fucking C.O.'s head off" when he got out of his cell.  Plaintiff's threat was communicated to Shatley and Osborne. On January 14, 2006, Plaintiff was involved in a fight with another inmate again requiring the use of pepper spray. During the affray, Plaintiff sustained a small cut to his ear.  He was seen by medical staff and cleared to return to his cell.   On January 28, 2006, Plaintiff was sprayed with pepper mace, taken to the ground, and handcuffed by Deputy Osborne because he was screaming at other inmates, threatening them with a sharpened spoon, and throwing urine at them.  After he was maced, Plaintiff was taken to a shower area and was seen by medical staff.  On April 2, 2006, Plaintiff was placed on suicide watch, but would not enter his cell despite

---

[1] The Court notes that Plaintiff does not provide specific dates on which the alleged assaults occurred.  Paper No. 1 at p. 4.  He simply states the incidents took place between December 4, 2005 and April 17, 2006.  *Id*.

several orders to do so. *Id*. Officer Shatley grabbed Plaintiff's arm and pushed him into the cell without causing him injury. On April 3, 2006, Plaintiff was seen throwing objects and flushing debris down the toilet in his cell. *Id*. In response to this behavior, Plaintiff had to be shackled to his bed, then forcibly handcuffed behind his back. *Id*. Due to Plaintiff's refusal to cooperate with being handcuffed, he was placed in a restraint chair per the orders of Captain Lannen. *Id*. On April 6, 2006, Plaintiff was observed flooding his cell. *Id*. In response, Deputies Anderson and Carter placed Plaintiff in a restraint chair and, when Plaintiff began acting as if he were going to spit on the officers, placed a spit hood on his head. *Id*.

With regard to Plaintiff's medical care, Defendants assert that his complaints were addressed and chief among his problems are multiple psychiatric conditions. Plaintiff was diagnosed with bipolar disorder, anti-social personality disorder, and polysubstance dependency. Paper No. 14 at Ex. 4. While incarcerated at the detention center Plaintiff received the following medications: Avopro, Protonix, Valproic, Mobic, Prilosec, Aspro and Trazadone. Plaintiff's psychiatric condition manifested itself through violent and suicidal behavior which required assignment to suicide watch status and segregated confinement. Among the complaints addressed by detention center medical staff were: pain from a car accident, high blood pressure, diabetes, asthma, arthritis, heart problems, and head trauma. The only record indicating a complaint related to an assault is dated February 5, 2006, when Plaintiff claimed he had been tazed and beaten two weeks previously. A medical exam revealed no significant injuries.

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R.

Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the Court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party.  *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file."  Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions,

>answers to interrogatories, and admissions on file," designate
>"specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ["PLRA"] generally requires prisoners to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations.

"[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674, 681 (4th Cir. 2005). Defendants in the instant case have properly raised the exhaustion issue, but Plaintiff has failed

to respond. Paper No. 14. Having produced no evidence to refute the claim that he has not exhausted administrative remedies, Plaintiff has failed to establish that the merits of his claims may be considered by this Court. Accordingly, the Complaint must be dismissed by separate Order which follows.

<u>April 9, 2007</u>                                                     <u>          /s/                              </u>
Date                                                                        William D. Quarles, Jr.
                                                                                   United States District Judge